UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY et al.,<br><br>Defendant. | Civil Action No. 23-0206 (JMC) |

## ANSWER

Defendants United States Department of Energy (hereafter "Defendant DOE" or "Energy") and United States Department of State (hereafter "Defendant DOS" or "State") (collectively "Defendants") respectfully submit this Answer to the Complaint (ECF. No. 1) filed by Plaintiff, Americans for Prosperity Foundation (hereafter "AFPF" or "Plaintiff"), on January 25, 2023. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT**

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiffs; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. This paragraph consists of Plaintiff's characterization of this action and legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff submitted FOIA requests to Defendants and denies that Plaintiff is entitled to any relief.

2. Defendants admit Plaintiff submitted FOIA requests. To the extent that the allegations in Paragraph 2 purport to characterize the contents of the FOIA requests, Defendants respectfully refer the Court to those documents for a complete and accurate statement of their contents and denies any allegations inconsistent therewith.

3. Defendants Energy and State admit that as of the filing of this Answer, they have not produced responsive records to Plaintiff. Defendants deny the remaining allegations in Paragraph 3.

4. This paragraph consists of Plaintiff's characterization of the facts to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## JURISDICTION AND VENUE

5. This paragraph consists of legal conclusions, not allegations of fact, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has subject matter jurisdiction subject to the terms and limitations of the FOIA.

6. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this Judicial District for a properly stated FOIA claim.

## PARTIES

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.      The first sentence of this paragraph consists of a legal conclusion, not allegations of fact, to which no response is required. To the extent that a response is required, Defendants admit that they are subject to the FOIA. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

**FACTS**

I.      **The Biden Administration's Abuse of the Strategic Petroleum Reserve**

9.      Paragraph 9 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendants deny the allegations of Paragraph 9.

10.     Paragraph 10 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendants deny the allegations of Paragraph 10.

11.     Paragraph 11 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which a response is required, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent a response is deemed required, Defendants deny the allegations of Paragraph 11.

II.     **AFPF's November 17, 2022 FOIA Request to Energy HQ**

12.     Defendant Energy admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 12 purport to characterize the contents of the cited

document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

13.     Defendant Energy admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 13 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

14.     Defendant Energy admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 14 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

15.     Defendant Energy admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 15 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

16.     Defendant Energy admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 16 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17.     Defendant Energy admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 17 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

18. Defendant Energy admits Plaintiff requested a waiver of fees. To the extent that the allegations in Paragraph 18 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

19. Defendant Energy admits it sent Plaintiff an interim response letter on November 22, 2022. To the extent that the allegations in Paragraph 19 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegation inconsistent therewith.

20. Defendant Energy admits that it granted Plaintiff's request for a waiver of fees for its FOIA request, as stated in its interim response letter dated November 22, 2022. To the extent that the allegations in Paragraph 20 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

21. Defendant Energy admits the first two sentences of Paragraph 21. To the extent that the allegations in Paragraph 21 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

22. Defendant Energy admits it included two custodians from Plaintiff's FOIA request to the Strategic Petroleum Reserve ("SPR") into its search and that the email exchange described in this paragraph occurred. To the extent that the allegations in Paragraph 22 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

23. Defendant Energy admits Plaintiff consented to its requests on the additional custodians and date range via email on January 9, 2023 and that the email exchange described in this paragraph occurred. To the extent that the allegations in Paragraph 23 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

24. Defendant Energy admits that between January 9, 2023, and the filing of the Complaint on January 25, 2023, , Defendant Energy has not engaged in further communication with Plaintiff regarding its request. Defendant Energy otherwise denies the allegations in this paragraph.

### III.     AFPF's November 17, 2022 FOIA Request to the SPR Project Management Office

25. Defendant Energy admits Plaintiff submitted a FOIA request to its SPR Project Management Office on November 17, 2022.  To the extent that the allegations in Paragraph 25 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

26. Defendant Energy admits Plaintiff submitted a FOIA request to its SPR Project Management Office on November 17, 2022.  To the extent that the allegations in Paragraph 26 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

27. Defendant Energy admits Plaintiff submitted a FOIA request to its SPR Project Management Office on November 17, 2022.  To the extent that the allegations in Paragraph 27

purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

28. Defendant Energy admits Plaintiff submitted a FOIA request to its SPR Project Management Office on November 17, 2022. To the extent that the allegations in Paragraph 28 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

29. Defendant Energy admits Plaintiff requested a waiver of fees to its SPR Project Management Office. To the extent that the allegations in Paragraph 29 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

30. Defendant Energy admits it acknowledged receipt of Plaintiff's FOIA request and that the email exchange described in this paragraph occurred. To the extent that the allegations in Paragraph 30 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

31. Defendant Energy admits it acknowledged receipt of Plaintiff's FOIA request and that the email exchange described in this paragraph occurred. To the extent that the allegations in Paragraph 31 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

32. Defendant Energy admits the SPR Project Management Office emailed Plaintiff on January 4, 2023, with an update on the processing of Plaintiff's FOIA request. Defendant Energy denies the rest of the allegations in this paragraph.

33. Defendant Energy admits the SPR Project Management Office emailed Plaintiff on December 9, 2022, with an update on the processing of Plaintiff's FOIA request. To the extent that the allegations in Paragraph 33 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

34. Defendant Energy admits the SPR Project Management Office emailed Plaintiff on January 4, 2023, with an update on the processing of Plaintiff's FOIA request. To the extent that the allegations in Paragraph 34 purport to characterize the contents of the cited document, Defendant Energy respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

35. Defendant Energy admits the SPR Project Management Office did not provide Plaintiff with a tracking number for its FOIA Request. Defendant also admits it has not issued Plaintiff a determination on its fee-related request. Defendant denies the remaining allegations of this paragraph.

36. Defendant Energy admits that between January 4, 2013, and the filing of the Complaint on January 25, 2023, Defendant Energy's SPR Project Management Office has not engaged in further communication with Plaintiff regarding its request. Defendant Energy otherwise denies the allegations in this paragraph.

### IV.   AFPF's November 17, 2022 FOIA Request to State

37. Defendant State admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 37 purport to characterize the contents of the cited document, Defendant State respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

38. Defendant State admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 38 purport to characterize the contents of the cited document, Defendant State respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

39. Defendant State admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 39 purport to characterize the contents of the cited document, Defendant State respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

40. Defendant State admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 40 purport to characterize the contents of the cited document, Defendant State respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

41. Defendant State admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 41 purport to characterize the contents of the cited document, Defendant State respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

42. Defendant State admits Plaintiff submitted a FOIA request on November 17, 2022. To the extent the allegations in Paragraph 42 purport to characterize the contents of the cited

document, Defendant State respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

43. Defendant State admits Plaintiff requested a waiver of fees. To the extent the allegations in Paragraph 43 purport to characterize the contents of the cited document, Defendant State respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

44. Defendant State admits that on November 23, 2022, its Office of Information Programs and Services sent an email addressed to Kevin Schmidt stating that it had received his November 17, 2022, FOIA request and identified a corresponding reference number F-2023-01915.  To the extent the remainder of the allegations in Paragraph 44 purport to characterize the contents of the cited document, Defendant State respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

45. Defendant State admits that on November 23, 2022, its Office of Information Programs and Services sent an email addressed to Kevin Schmidt stating that it had received his November 17, 2022, FOIA request and further stating that it was granting the associated request for a fee waiver.

46. Defendant State admits that on November 23, 2022, its Office of Information Programs and Services sent an email addressed to Kevin Schmidt stating that it had received his November 17, 2022, FOIA request and further stating that it would not be able to respond within the 20 days provided by the statute due to "unusual circumstances." Defendant State further stated that "[i]n this instance, the unusual circumstances include the need to search for and collect requested records from other Department offices of Foreign Service posts."  To the extent the remainder of the allegations in Paragraph 46 purport to characterize the contents of the cited

document, Defendant State respectfully refers the Court to that document for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

47. Defendant State admits that as of the filing of the Complaint, its Office of Information Programs and Services has not engaged in further communication with Plaintiff regarding its request. The remainder of the allegations in this paragraph consists of legal conclusions, not allegations of fact, to which no response is required.

### ALLEGED FIRST CAUSE OF ACTION – FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS IN VIOLATION OF FOIA, 5 U.S.C. § 552

48. Defendants incorporate by reference their responses set forth above.

49. This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendants respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

50. This paragraph consists of Plaintiff's characterization of the FOIA statute, not allegations of fact to which a response is required. Defendants respectfully refers the Court to the cited statute for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

51. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

52. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

53. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

54. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

55. This paragraph consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

\* \* \*

The remainder of the Complaint sets forth Plaintiff's requested relief to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

## DEFENSES

Defendants reserve its right to amend, alter and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any records exempt from disclosure by one or more exemptions to the FOIA, 5 U.S.C. §552.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

Dated: March 20, 2023
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ Sean Tepe*
    SEAN TEPE, D.C. Bar No. 1001323
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, DC 20530
    (202) 252-2533
    Sean.Tepe@usdoj.gov

*Counsel for Defendants*